# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

In re: THE KENT GOLF CLUB, LLC,
          Alleged Debtor

Chapter 11 (Involuntary)

Case No. 04-35826 (ASD)

## ORDER GRANTING ALLEGED DEBTOR'S MOTION FOR SUSPENSION OF ALL PROCEEDINGS UNDER 11 U.S.C. § 305(a) (DOCKET ID #41)

WHEREAS, an involuntary petition under Chapter 11 was filed against the Kent Golf Club, LLC ("Kent"), on December 17, 2004 (Docket ID #1); and

WHEREAS, on February 16, 2005, Kent filed "Alleged Debtor's Motion for Suspension of All Proceedings Under 11 U.S.C. § 305(a)" (Docket ID #41, the "Motion"); and

WHEREAS, in proceedings held in open court on February 16, 2005, Kent stipulated that the petitioning creditors satisfy the requirements of 11 U.S.C. § 303(b) such that, in the absence of an order granting the Motion, it would be appropriate for the Court to enter an order for relief herein; and

WHEREAS, a hearing was held on the Motion on March 7, 2005, and the Court having heard the testimony of witnesses and arguments of counsel and having considered the pleadings and proceedings herein; and

WHEREAS, the Court finds that the interests of Kent and creditors are better served by a suspension of proceedings herein subject to the terms set forth herein; it is hereby

19959.000/382085.1

ORDERED, that the Motion is granted and proceedings herein are suspended under 11 U.S.C. § 305(a) for a period of sixty (60) days through and including May 6, 2005, subject to the conditions set forth herein, and it is further

ORDERED, that a status conference (the "Status Conference") is scheduled for April 6, 2005 at 2:00 p.m. at the United States Bankruptcy Court, 157 Church Street, New Haven, Connecticut, 18th floor; and it is further

ORDERED that, at the Status Conference, it shall be the Debtor's burden to establish to the Court's satisfaction that the Debtor has made substantial progress in implementing the out-of-court workout described in Court at the hearing held on March 7, 2005 and that the Debtor's reasonable likelihood of success in achieving said workout has significantly increased in a meaningful way since the hearing held on March 7, 2005; and it is further

ORDERED that, should the Debtor not carry its burden in establishing the elements set forth in the preceding decretal paragraph, the Court may vacate this order and enter an order for relief herein; and it is further

ORDERED that, should all parties agree that the Status Conference is not necessary, Debtor's counsel shall so advise the Court no later than noon on April 5, 2005; and it is further

ORDERED that, at the Status Conference, the Court will consider whether any further status conference is necessary, and if so, shall schedule said additional status conference at such time; and it is further

ORDERED that, should an order for relief enter herein, the Debtor's exclusive period to file a plan of reorganization herein under 11 U.S.C. § 1121(b) shall be shortened to sixty

(60) days after date such order for relief enters, subject to any party in interest's right to request that the Court extend, shorten or terminate such exclusive period.[fn1]

NEW HAVEN, CONNECTICUT
MARCH 11, 2005

_/s/ Albert S. Dabrowski_
Hon. Albert S. Dabrowski
Chief United States Bankruptcy Judge

add — [fn1] See Tr. 3/7/05, 3:29:30 - 30:50 (e.g., recognizing that entry of an order for relief prior to May 6, 2005 may constitute "cause" for further modification of the exclusivity period.